[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint dated July 18, 1997, the plaintiff, Walter E. Richter, Jr. and Michael W. Richter, commenced this action to quiet title and named as defendants, Walter J. Adametz, Phyllis W. Brault individually and Phyllis W. Brault as Executrix of the Estate of Harold Brault. By amended complaint dated October 31, 2000, the defendant, Mary F. Adametz, Administratrix of the Estate of Walter J. Adametz was substituted for Walter J. Adametz, deceased. The same amended complaint substituted the defendant, Susan Edwards, who, by virtue of a quit claim deed, was granted title to the property interests of the defendants, Phyllis W. Brault and Phyllis W. Brault, Executrix of the Estate of Harold Brault.
The defendants' answer was filed August 31, 1998. The amended complaint merely substituted defendants, therefore, the matter was tried on the amended complaint of October 31, 2000 and the answer filed by the defendants on August 31, 1998.
At the time of trial, the plaintiffs were Walter E. Richter, Jr. and Michael W. Richter. The defendants were Mary F. Adametz, Administratrix of the Estate of Walter J. Adametz, and Susan Edwards. CT Page 10379
At trial, the plaintiffs stipulated to their northerly boundary with Susan Edwards and that portion of the easterly boundary of her southernmost parcel which abuts their land as set forth in the A-2 survey dated March, 2001, prepared by Lawrence W. Fisher.
Accordingly, judgment should enter for the defendant, Susan Edwards, as to both parcels as shown on the aforesaid A-2 survey prepared by Lawrence W. Fisher.
After a full trial, all parties present and/or represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence, and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiffs, Walter E. Richter, Jr. and Michael W. Richter, attained title to their premises as decedents of Ida Schnoor, who by Certificate of Devise, received certain real estate described as follows:
 "East of Red House bounded: North by State owned property, East by Pond Meadow Brook, South by land of Alfred Schnoor, West by land of Herman Schnoor."
Upon Ida Schnoor's death, the same property was devised to her nephew, Louis Grimme, who died April 9, 1961. The property passed on to his cousin, Walter E. Richter, Sr., the father of the plaintiffs herein. Upon his death, title to the property passed to his wife, Anne E. Richter, who, by quit claim deed, conveyed the subject property to her sons, the plaintiffs herein.
In 1992, the Estate of Walter E. Richter, Jr. commissioned an A-2 survey of two tracts of land devised to Ida Schnoor. After the adjoining land owners were notified, affidavits of title were filed by two abutting land owners, Walter J. Adametz and Harold and Phyllis Brault, regarding the western boundary, the area of the Richter parcel and the location of the Brault and Adametz holdings.
The defendant, Estate of Adametz, asserts that its title devolved as follows:
From the Estate of Henri Schnoor to Charles Schnoor by Certificate of Distribution, certain real estate described as follows:
 "3rd tract containing sixteen (16) acres, more or less, bounded: North by land of Chris Deckelman, CT Page 10380 East by Pond Meadow Road, South by land of Alfred Schnoor, West by Highway."
The estate of Walter J. Adametz is the successor in interest to the Deckelman property.
By conservator's deed from the estate of Charles Schnoor, the same property was conveyed to Kenneth Jenks Tyler and Doris Armstrong Tyler, who by warranty deed, dated January 7, 1967, conveyed the property to Irma Smith. All the subsequent documents transferring title described the real estate exactly as it was devised to Charles Schnoor.
By warranty deed, dated January 9, 1976, Irma Smith conveyed 4 acres of the subject property to Bruce E. Dobson and Nancy R. Dobson.
On July 26, 1988, Irma Smith also entered into a boundary line agreement with Walter J. Adametz concerning the property lines between her remaining property and that claimed by Adametz.
By quit claim deed dated July 26, 1988, the same date as the boundary line agreement, Irma Smith conveyed the following described parcel to Walter J. Adametz:
 "A certain piece or parcel of land situated in the Town of Killingworth, County of Middlesex, State of Connecticut,
 North and Easterly: by land now/formerly of the State of Connecticut
 Southerly: by Harold Brault as of record may appear,
 Westerly: by land of Dodson, remaining land of Smith, said westerly line being the westerly line being the center line of Pond Meadow Brook."
This is the parcel to which the plaintiffs lay claim and over which this action to quiet title was commenced.
A review of the evidence, exhibits, and with due accord given to arguments raised by counsel in their respective briefs, the court finds as follows:
1. Charles Schnoor, the distributee of the subject property, regardless CT Page 10381 of the acreage specified in the Certificate of Devise, was not given title to any land east of Pond Meadow Brook.
2. Pond Meadow Brook is a natural boundary and, as such, is not ambiguous or subject to interpretation.
3. Irma Smith never acquired any real estate east of Pond Meadow Brook and, accordingly, had nothing east of Pond Meadow Brook to convey to Walter J. Adametz.
4. Walter J. Adametz never acquired any property east of Pond Meadow Brook because Irma Smith had no ownership to the land described in the quit claim deed, dated July 26, 1988 and recorded in Vol. 101, pg. 789 of the Killingworth land records.
5. The mutual distribution dated July 20, 1933 and recorded July 31, 1933 described the 3rd tract distributed to Ida Schnoor as follows:
 "East of Red house bounded North by state owned property East by Pond Meadow Brook South by land of Alfred Schnoor West by land of Herman Schnoor"
The court expressly holds that the east and west calls in this description have been reversed. Ida Schnoor never acquired any land west of Pond Meadow Brook or east of the land distributed to Herman Schnoor. The correct calls should be:
 North by state owned property West by Pond Meadow Brook South by land of Alfred Schnoor East by land of Herman Schnoor
Common sense, logic and reason indicate that the calls, as corrected, clearly indicate the intent of the distributees. To find that Ida Schnoor's distribution included land to the west of Pond Meadow Brook would require a finding that Charles Schnoor and Ida Schnoor were distributees of the same real estate.
Accordingly, judgment is entered for the plaintiffs, Walter E. Richter, Jr. and Michael W. Richter, against the defendant, Estate of Walter J. Adametz, quieting title, in the plaintiffs, to the real estate as described in Schedule A, attached, entitled "Land of Walter E. Richter, Jr. and Michael W. Richter." Said description shall be the boundaries of the plaintiffs' land and shall be recorded as such. CT Page 10382
Pursuant to the stipulation of the plaintiffs, judgment is entered for the defendant, Susan Edwards, establishing the northerly boundary and that portion of the easterly boundary of her southernmost parcel which abuts the plaintiffs' land as set forth in the A-2 survey, dated March, 2001, prepared by Lawrence W. Fisher.
Also, pursuant to the stipulation of the plaintiffs, judgment is entered for the defendant, Susan Edwards, in accordance with the aforesaid A-2 survey prepared by Lawrence W. Fisher and with the description affixed hereto as Schedule C.
Since the Estate of Walter Richter is not a party to these proceedings, the court will not enter any judgment with respect to same.
Costs of suit are awarded to the plaintiff against the defendant, Estate of Walter J. Adametz, only.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE
 Schedule A Land of Walter E. Richter, Jr. and Michael W. Richter
A certain parcel of land situated in the Town of Killingworth, County of Middlesex, State of Connecticut. being composed of a portion of the 19.12 acre tract shown on a certain map entitled "LAND OF ESTATE OF WALTER RICHTER BETHKE ROAD SCHNOOR ROAD KILLINGWORTH, CONNECTICUT SCALE: 1" = 50 ft DATE: 9 JUL 1992 IDENT. NO. 91-498" by Metcalf Sanborn, and a certain tract labeled "Land of Estate of Waiter J. Adametz" on a map entitled "PROPERTY SURVEY LAND OF SUSAN EDWARDS AND LAND OF ESTATE OF WALTER J. ADAMETZ SCHNOOR ROAD (REAR LAND) KILLINGWORTH, CONNECTICUT SCALE: 1" = 50' DATE: MARCH 2001" by LWF Land Surveying, said parcel in total containing 14.7 acres, more or less. Said parcel is more particularly hounded and described as follows:
Beginning at a 12" tree found at the northwesterly corner of land now or formerly of Richard T. Ramino, as shown on the second referenced map above;
Thence northerly 74.62 feet along land of Susan Edwards to the centerline of an existing cart path, so-called, as shown on said map;
Thence westerly 466.65 feet along land of Susan Edwards to the centerline CT Page 10383 of Pond Meadow Brook, as shown on said map;
Thence northerly 190 feet, more or less, along the centerline of Pond Meadow Brook to a point, as shown on said map;
Thence northeasterly 362.94 feet along land now or formerly of the Estate of Walter Richter to a point, as shown on said map;
Thence easterly 509.36 feet along other land of Susan Edwards to the centerline of the aforementioned cart path, so called, as shown on said map;
Thence northeasterly 520 feet, more or less, along the centerline of the cart path, so called, to a point in the centerline of said cart path;
Thence S 51° 29' 00" E 45 feet, more or less, along land now or formerly of William R. Tracey Murray, to a point in the centerline of Powder Meadow Brook, which point is shown on the first referenced map above;
Thence the following courses along the centerline of Powder Meadow Brook, as shown on said first referenced map: N 83° 53' 32" E 32.64 feet; N 85° 28' 32" E 28.44 feet; N 49° 36' 52" E 25.67 feet; N 78° 09' 36" E 36.39 feet; N 86° 58' 41" E 9.61 feet; S 50° 29' 48" E 26.92 feet; S 70° 41' 47" E 16.03 feet; N 70° 39' 28" E 33.32 feet; N 88° 01' 21" 66.55' to a point in the centerline of Powder Meadow Brook;
Thence S 36° 37' 34" E 182.74 feet along land now or formerly of Louis E. Eleanor B. Nagy to a 30 inch dead hemlock tree, as shown on said first referenced map;
Thence S 36° 37' 34" E 417.66 feet along land now or formerly of Louis E. Eleannr B. Nagy to a. point, said point being N 36° 37' 34" W 10.04 feet from an iron pipe found, as shown on said first referenced map;
Thence the following courses along land now or formerly of William 
Debra Koret Herbst, as shown on said first referenced map: S 80° 55' 04" W 8.04 feet to the end of a stone wall; S 80° 55' 04" W 123.86 feet along said stone wall to a point; S 78° 33' 11" W 78.76 feet along said stone wall to a point; S 81° 49' 43" W 68.43 feet along said stone wall to a point; S 81° 40' 31" W 73.88 feet to an iron pipe found,
Thence the following courses along land now or formerly of David K. 
CT Page 10384 Carol K. Sturges, as shown on said first referenced map: S 79° 34' 02" W 72.25 feet to an iron pipe found; S 83° 54' 59" W 58.68 feet to an iron pipe found.; S 68° 14' 46" W 23.32 feet to a point; S 75° 30' 35" W 53.77 feet to a point;
Thence the following courses along land of Jonathan P. Jayne L. Willets, as shown on said first referenced map: S 75° 30' 36" W 43.69 feet to a point; N 73° 04' 51" W 19.54 feet to a point; S 83° 03' 07" W 72.21 feet to a point; S 75° 18' 26" W 66.91 feet to an iron pipe found;
Thence the following courses along land now or formerly of Karen A. Gregson, as shown on said first referenced map: S 86° 45' 00" W 54.19 feet along a fence line to a point; S 82° 09' 25" W 56.98 feet in part along a fence line to a point; S 71° 08' 49" W 48.95 feet to a point S 79° 09' 02" W 38.99 feet to a point; said point being S 03° 29' 05" E 17.94 feet from an iron pipe found,
Thence the following courses along land now or formerly of George G. 
Karen H. Caughman, as shown on said first referenced map: S 79° 09' 02" W 51.64 feet to a point; S 75° 35' 04" W 41.71 feet to an 18 inch oak tree with wire; N 87° 54' 42" W 23.32 feet to a 12 inch oak tree with wire; S 83° 02' 19" W 100.74 feet to the point of beginning.
Together with a certain right of way to inland owners to which reference may be had at Volume 51 Page 206 of the Killingworth land records.